UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID MATHEW and RICHARD KALINOWSKI, individually and on behalf of those individuals similarly situated<br><br>Plaintiff,<br><br>- against -<br><br>AREA STORAGE & TRANSFER, INC.,<br><br>Defendant. | COMPLAINT<br><br>CASE NO.:<br><br>JURY TRIAL DEMANDED |

Plaintiffs, **DAVID MATHEW and RICHARD KALINOWSKI**, ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, **ZABELL & ASSOCIATES, P.C.**, complain and allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action on behalf of themselves and all similarly situated employees and/or former employees seeking monetary damages, declaratory relief, and affirmative relief based upon Defendant's violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.; New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, et seq.; New York State Department of Labor Regulations ("NYDOL Regs"), N.Y.C.R.R. § 142-2.2, common law, and other appropriate rules, regulations, statutes and ordinances.

2. Plaintiffs allege pursuant to the FLSA and NYLL, they are entitled to recovery of: (1) overtime compensation for all hours worked in excess of forty (40) hours per week; (2) spread of hours pay for days worked in excess of ten

(10) hours per day; (3) interest on all compensation Defendant withheld; (4) an award of $5,000.00; the maximum penalty for violations of NYLL § 195; (5) liquidated damages; and (6) attorneys' fees and costs.

3. Plaintiffs further allege they are entitled to recover from Defendant for unlawful conversion of monies rightfully due and owing, and in the alternative, recovery under the equitable theories of unjust enrichment and *quantum meruit.*

## JURISDICTION AND VENUE

4. This Court maintains jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1367.

5. This Court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367 and other appropriate rules, regulations, statutes and ordinances.

6. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct alleged herein occurred within the State of New York, County of Nassau.

7. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## COLLECTIVE ACTION ALLEGATIONS

8. This action is properly maintainable as a collective action pursuant to 29 U.S.C. § 216(b).

9. This action is brought on behalf of Plaintiffs and a class consisting of

similarly situated employees who work or have worked for Defendant.

10. At all relevant times, Plaintiffs and other FLSA collective action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, are and have been subject to Defendant's decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay at a rate of one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) hours per week.

11. Upon information and belief, there are many current and former employees who are similarly situated to Plaintiffs, all of whom have been underpaid in violation of the FLSA. The named Plaintiffs are representative of those other workers and are acting on behalf of Defendant's current and former employees' interests as well as their own interests in bringing this action.

12. Plaintiffs seek to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly situated persons who work or have worked for Defendant at any time during the six (6) years prior to the filing of their respective consent forms.

13. Plaintiffs and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendant's common policy and/or plan to violate the FLSA by failing to provide overtime wages, at the rate of one and one-half (1.5) times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

14. The Collective Action Members are similarly situated to Plaintiffs in that they were each employed by Defendant as non-exempt employees and were systematically denied premium overtime pay for hours worked beyond forty (40) in each workweek.

15. They are further similarly situated in that Defendant maintained a policy and practice of knowingly and willfully failing to provide employees with an overtime premium.

16. The exact number of such individuals in presently unknown, but is known by Defendant and can (and will) be ascertained in the course of discovery.

## PARTIES

17. Plaintiff, DAVID MATHEW ("Plaintiff Mathew"), was at all times relevant herein, a domiciliary of the State of New York, residing in Islandia, New York.

18. At all times relevant to the Complaint, Plaintiff Mathew was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the NYLL, N.Y. Lab. Law § 190(2).

19. Plaintiff, RICHARD KALINOWSKI ("Plaintiff Kalinowski"), was at all times relevant herein, a domiciliary of the State of New York, residing in Hauppauge, New York.

20. At all times relevant to the Complaint, Plaintiff Kalinowski was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the NYLL, N.Y. Lab. Law § 190(2).

21. Upon information and belief, Defendant, **AREA STORAGE & TRANSFER, INC.**, ("Defendant") is a foreign business corporation, incorporated in the State of Pennsylvania, operating at 288 Grumman Rd. W, Bethpage, New York 11714.

22. Defendant has designated Richard G. Dellaratte of 147 Barrett Street, Schenectady, New York 12305 as their designated agent for service.

23. At all times relevant to the Complaint, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the NYLL, N.Y. Lab. Law § 190(3).

24. Upon information and belief, at all times relevant herein, Defendant was an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203(r)(1) and (r)(2), due to its operation of a transportation and logistics business. parcel transportation

25. Upon information and belief, at all times relevant herein, Defendant employed more than two (2) employees engaged in interstate commerce and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) due to their operation of transportation and logistics business.

## FACTS

26. Plaintiffs repeat and reallege each and every allegation contained herein.

27. Defendant serves as a subcontractor to the United States Postal Service.

5

28. Defendant provides a distribution service for First Class and Priority Mail to individual U.S.P.S. branches.

29. Plaintiff Mathew was hired by Defendants in or around November, 2014 as a "dispatcher". Plaintiff Mathew worked for Defendants as a dispatcher from his hire until the cessation of his employment in or around June 2016.

30. Plaintiff Mathew's duties and responsibilities as a "dispatcher" consisted of informing Defendant's drivers of the next available pick-up route(s). These duties are consistent with those of a "non-exempt" employee pursuant to the FLSA and NYLL.

31. Plaintiff Mathew was paid an hourly rate of $18.00 dollars per hour.

32. From Plaintiff Mathew's date of hire, he worked not less than five (5) days a week and worked up to 14 hours in a day.

33. Plaintiff Mathew regularly worked overnight shifts, which often consisted of shifts from 6:00 p.m. until at least 4:00 a.m. or 8:00 p.m. until at least 6:00 a.m.

34. Additionally, Plaintiff Mathew was often required to work past his scheduled shift or work more than five (5) shifts in a given week.

35. Accordingly, Plaintiff Mathew worked no fewer than fifty (50) hours per week from his hire through the cessation of his employment.

36. Accordingly, Plaintiff Mathew had worked as many as seventy-two (72) hours in a week.

37. Defendant paid Plaintiff Mathew an hourly rate of $18.00 dollars per hour regardless of the number of hours he worked.

38. Defendant failed to compensate Plaintiff Mathew at a rate of one and a half (1.5) times his hourly rate for all hours worked in excess of forty (40) per week.

39. Plaintiff Mathew was entitled to an hourly rate of $27.00 per hour for all hours worked in excess of forty (40) per week.

40. At all times relevant herein, Plaintiff Mathew performed the essential functions of his position in a more than satisfactory manner and satisfied all conditions precedent to payment in accordance with the established terms and conditions of his employment.

41. Plaintiff Kalinowski was hired by Defendants in or around May 8, 2011 as a "dispatcher". Plaintiff Kalinowski worked for Defendants as a dispatcher from his hire until the cessation of his employment in or around May, 2016.

42. Plaintiff Kalinowski's duties and responsibilities as a "dispatcher" consisted of informing Defendant's drivers of the next available pick-up route(s). These duties are consistent with those of a "non-exempt" employee pursuant to the FLSA and NYLL.

43. Plaintiff Kalinowski was originally hired at a salary of $35,000.00 per year or $673.07 per week.

44. From May 8, 2011 through approximately December, 2011, Defendant paid Plaintiff Kalinowski a flat rate of $673.07 per week regardless of the number

of hours he worked.

45. This flat rate of $673.07 per week is equal to an hourly rate of $16.82 for a forty (40) hour week.

46. From May 8, 2011 through approximately December, 2011, Defendant failed to compensate Plaintiff Kalinowski at a rate of one and a half (1.5) times his hourly rate for all hours worked in excess of forty (40) per week.

47. From May 8, 2011 through December, 2011, Plaintiff Kalinowski was entitled to an hourly rate of $25.24 per hour for all hours worked in excess of forty (40) per week.

48. In or around December, 2011, Plaintiff Kalinowski began to be paid on an hourly basis of $16.82 for each hour worked, regardless of the number of hours worked in a given week.

49. Despite being paid on an hourly basis, Defendant referred to the first forty (40) hours worked as Plaintiff Kalinowski's salary. However, Plaintiff Kalinowski was paid as an hourly employee and would not be paid a full weeks salary if he worked less than forty (40) hours.

50. From approximately December, 2011 through approximately July, 2012, Defendant failed to compensate Plaintiff Kalinowski at a rate of one and a half (1.5) times his hourly rate for all hours worked in excess of forty (40) per week.

51. From approximately December, 2011 through approximately July, 2012, Plaintiff Kalinowski was entitled to an hourly rate of $25.24 per hour for all

8

hours worked in excess of forty (40) per week.

52. In or around July, 2012, Plaintiff Kalinowski was given a pay increase of $2,500.00, based upon a forty (40) hour workweek.

53. From around July, 2012, until approximately January, 2013 Plaintiff Kalinowski was paid at an hourly rate of $18.02 for each hour worked, regardless of the number of hours worked in a given week.

54. From approximately July, 2012, until approximately, January, 2013, Defendant failed to compensate Plaintiff at a rate of one and a half (1.5) times his hourly rate for all hours worked in excess of forty (40) per week.

55. From approximately July, 2012, until approximately, January, 2013, Plaintiff Kalinowski was entitled to an hourly rate of $27.04 per hour for all hours worked in excess of (40) per week.

56. In or around January, 2013, Plaintiff Kalinowski was given a pay of $2,500.00, based upon a forty (40) hour workweek.

57. Despite his alleged salary, from around January, 2013, until the cessation of his employment, Plaintiff Kalinowski was paid at an hourly rate of $19.23 for each hour worked, regardless of the numbers of hours worked in a given week.

58. From approximately January, 2013, until the cessation of his employment, Defendant failed to compensate Plaintiff Kalinowski at a rate of one and a half (1.5) times his hourly rate for all hours worked in excess of forty (40) per week.

59. From approximately January, 2013, until the cessation of his employment, Plaintiff Kalinowski was entitled to an hourly rate of $28.84 per hour for all hours worked in excess of (40) per week.

60. From Plaintiff Kalinowski's date of hire, he worked not less than five (5) days per week and working up to 14 hours in a day.

61. Plaintiff Kalinowski's shifts rotated regularly every couple of months. Accordingly, Plaintiff Kalinowski would work each the morning shift, the afternoon shift, and the overnight shift, each for a couple of months consecutively, before being transferred to a different shift.

62. Plaintiff Kalinowski's morning shift regularly began at 5 a.m. and lasted until no earlier than 1:00 p.m.

63. Plaintiff Kalinowski's afternoon shift regularly began at 12:00 p.m. and lasted until no earlier than 8:00 p.m.

64. Plaintiff Kalinowski's overnight shift regular began at 8:00 p.m. until 6:00 a.m.

65. Additionally, Plaintiff Kalinowski was regularly required to work past his scheduled shift or work more than five (5) shifts in a given week.

66. Accordingly, Plaintiff Kalinowski regularly worked more than fifty (50) hours per week from his hire through the cessation of his employment.

67. Additionally, Plaintiff Kalinowski was often required to work past his scheduled shift.

68. Accordingly, Plaintiff Kalinowski had worked as many as seventy (70) hours

in a week.

69. Defendant paid Plaintiff Kalinowski an hourly rate of $19.23 dollars regardless of the number of hours he worked.

70. Defendant failed to compensate Plaintiff Kalinowski at a rate of one and a half (1.5) times his hourly rate for all hours worked in excess of forty (40) per week.

71. Plaintiff Kalinowski was entitled to an hourly rate of $28.84 per hour for all hours worked in excess of forty (40) per week.

72. At all times relevant herein, Plaintiff Kalinowski performed the essential functions of his position in a more than satisfactory manner and satisfied all conditions precedent to payment in accordance with the established terms and conditions of his employment.

73. Defendant willfully disregarded and purposely evaded record keeping requirements of the FLSA and the NYYL by failing to maintain accurate time sheets and payroll records.

74. Despite regularly working more than ten (10) hours per day, Plaintiffs, were not compensated an additional hour's pay when he worked more than ten (10) hours in a day as required by 12 N.Y.C.R.R. § 142-2.4.

75. During Plaintiffs' tenure, Defendant also failed to provide them with written notice of his wage rate, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Failure to Pay Overtime – FLSA Violation)

76. Plaintiffs repeat and reallege each and every allegation contained herein.

77. Defendant is an employer, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

78. Plaintiffs are employees within the meaning contemplated, under 29 U.S.C. § 203(e).

79. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

80. Plaintiffs worked in excess of forty (40) hours per week, every week.

81. Plaintiffs did not receive overtime compensation at the rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

82. Consequently, by failing to pay overtime compensation, Defendant violated the governing provisions of the FLSA.

83. Upon information and belief, Defendant's failure to pay overtime

compensation was willful.

84. By the foregoing reasons, Defendant is liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Overtime – New York Labor Law Violation)

85. Plaintiffs repeat and re-allege each and every allegation contained herein.

86. Defendant is an employer, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

87. Plaintiffs, were employees within the meaning contemplated, pursuant to 12 NYCRR §142-2.14 and the supporting NYDOL Regs.

88. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

89. Plaintiffs worked in excess of forty (40) hours per week, every week.

90. Plaintiffs did not receive overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

91. Consequently, by failing to pay to overtime compensation, Defendant violated 12 NYCRR § 142-2.2.

92. Upon information and belief, Defendant's failure to pay overtime compensation was willful.

93. By the foregoing reasons, Defendant violated 12 NYCRR § 142-2.2 and is liable to Plaintiff, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### THIRD CLAIM FOR RELIEF
### (Failure to Pay Spread of Hours Pay – New York Labor Law Violation)

94. Plaintiff repeats and realleges each and every allegation contained herein.

95. Defendant is an employer, within the meaning contemplated, under NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

96. Plaintiffs were employees within the meaning contemplated, under NYLL Article 19 § 651(5) and the supporting NYDOL Regs.

97. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]."

98. Upon information and belief, Defendant failed to pay Plaintiffs an additional hour's pay when they worked more than ten (10) hours in a day.

99. Plaintiffs regularly worked in excess of ten (10) hours per day.

100. Consequently, by failing to pay an additional hour's pay when Plaintiffs worked more than ten (10) hours in a day, Defendant violated 12 NYCRR § 142-2.4.

101. By the foregoing reasons, Defendant violated 12 NYCRR § 142-2.4 and is liable to Plaintiffs in an amount to be determined at trial, plus interest,

attorneys' fees, and costs.

## FOURTH CLAIM FOR RELIEF
(New York Wage Theft Prevention Act Violation)

102. Plaintiffs repeat and reallege each and every allegation contained herein.

103. The New York Wage Theft Prevention Act requires employers, upon hire, to "notify his or her employees, in writing, at the time of hiring of the rate of pay and of the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article, and obtain a written acknowledgement from each employee of receipt of this notice. Such acknowledgement shall conform to any requirements established by the commissioner with regard to content and form. For all employees who are eligible for overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

104. Defendant did not provide Plaintiffs with a wage notice as required by NYLL § 195.

105. Consequently, Plaintiffs, did not sign an acknowledgment confirming receipt of said notice, as required by NYLL § 195.

106. For the foregoing reasons, Defendant violated NYLL § 195 and is subject to the maximum penalty for violations NYLL § 195.

## FIFTH CLAIM FOR RELIEF
(Failure to Maintain Records – FLSA Violation)

107. Plaintiffs repeat and reallege each and every allegation contained herein.

15

108. Upon information belief, Defendant failed to preserve requisite payroll records mandated by 29 C.F.R § 516.

109. Upon information and belief, Defendant failed to maintain accurate payroll records showing for each employee their, *inter alia*: (1) name as used for Social Security recordkeeping purposes; (2) home address; (3) date of birth; (4) sex and occupation in which employer; (5) time of day and day of week on which the workweek begins; (6) hourly rate of pay, including the basis of pay by indicating the monetary amount paid per hour, per day and per week; (7) hours worked each workday and the total hours worked each workweek; (8) total wage paid each pay period; and (9) date of wage payment and the pay period covered by the payment.

110. For the foregoing reasons, Defendant violated 29 C.F.R § 516, thereby entitling Plaintiffs to damages at an amount to be determined at trial, plus interest, litigation costs, and reasonably attorneys' fees.

### SIXTH CLAIM FOR RELIEF
### (Failure to Maintain Records – New York Labor Law Violation)

111. Plaintiffs repeat and reallege each and every allegation contained herein.

112. NYLL §§ 195(4) and 661 require employers to establish, maintain and preserve, for not less than six (6) years, contemporaneous, true, and accurate payroll records for each employee, including (1) payroll records for each week worked the hours worked; (2) the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

other basis; (3) gross wages; (4) deductions; (5) allowances, if any, claimed by the minimum wage; and (6) net wages. N.Y. Lab. Law §§ 195(4) & 661.

113. NYLL §§ 195(4) and 661 requires employers payroll records to include the (1) regular hourly rate or rates of pay; (2) overtime rate or rates of pay; (3) number of regular hours worked; and (4) number of overtime hours worked. N.Y. Lab. Law §§ 195(4) & 661.

114. Upon information and belief, Defendant failed to maintain true and accurate payroll records for Plaintiffs, for the applicable statutory period.

115. By the foregoing reasons, Defendant has violated NYLL §§ 195(4) & 661 and is liable to Plaintiffs, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, along with injunctive relief.

### SEVENTH CLAIM FOR RELIEF
(Conversion)

116. Plaintiffs repeat and reallege each and every allegation contained herein.

117. Defendant failed to compensate Plaintiffs for wages earned during the course of his employment with Defendant.

118. As a result, Defendant improperly interfered with rights of Plaintiffs to immediate possession of the full amount of these wages.

119. As a direct result of Defendant's unlawful conversion of Plaintiffs' compensation and all to which they were (and are) entitled to immediate possession, Plaintiffs have suffered, and continue to suffer, substantial economic damages.

17

120. Defendant's unlawful conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiffs, warranting an award of monetary damages against Defendant.

### EIGHTH CLAIM FOR RELIEF
### (Unjust Enrichment and *Quantum Meruit*)
### (Plead in the Alternative)

121. Plaintiffs repeat and reallege each and every allegation contained herein.

122. Plaintiffs performed numerous and valuable services at the behest of and on behalf of Defendant.

123. Plaintiffs were not paid for the reasonable value of those services.

124. Defendant is unjustly enriched by withholding monies earned by and rightfully belonging to Plaintiffs.

125. By reason of the forgoing, Defendant is liable to Plaintiff in an amount to be determined at trial.

### V. DEMAND FOR JURY TRIAL

126. Plaintiffs repeat and reallege each and every allegation contained herein.

127. Plaintiffs hereby demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of Defendant herein alleged, Plaintiffs and those individuals similarly situated, respectfully requests this Court grant the following relief:

    a) On the First, Second, Third, Fifth, Sixth, Seventh and Eighth Causes of Action, an award of Plaintiffs' actual damages in an amount to be determined at trial plus interest;

b) On the Fourth Claim for Relief, an award up to the maximum penalty for violations NYLL § 195;

c) Order Defendant pay Plaintiffs a reasonable sum for expenses pursuant to the NYLL §§ 198 and 12 NYCRR §142-2.2;

d) Declare Defendant violated the FLSA and NYLL;

e) Enjoining the Defendants from further acts in violation of the FLSA and NYLL;

f) An award of liquidated damages where allowed by statute;

g) Defendant be ordered to pay Plaintiffs pre and post judgment interest;

h) Defendant to pay all costs and disbursements of this action, including Plaintiffs' attorneys' fees; and

i) Order such other and further relief as may be just and proper.

Dated: Bohemia, New York
May 8, 2017

                                      ZABELL & ASSOCIATES, PC
                                      *Attorneys for Plaintiffs*

By: _____

Saul D. Zabell, Esq.
ZABELL & ASSOCIATES, P.C.
1 Corporate Drive, Suite 103
Bohemia, NY 11716
Tel. (631) 589-7242
Fax (631) 563-7475
SZabell@laborlawsny.com